**Pedro DELGADO–SALIZAR, aka Salizar Delgado, Pedro Salizar, Pedro Delgado–Salazar, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–70677.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2010.*

Filed May 12, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Houman Varzandeh, Esq., VHF Law Group, LLP, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and BLOCK, District Judge.**

## MEMORANDUM ***

Pedro Delgado–Salizar petitions for review of a decision of the Board of Immigration Appeals ("BIA"). As the facts are known to the parties, we repeat them only as necessary to explain our decision.

### I

Delgado–Salizar first contends that the IJ abused his discretion by refusing to grant his motion for a continuance. Delgado–Salizar's attorney told the IJ that she needed the continuance to file paperwork necessary to Delgado–Salizar's request for an adjustment of status. The IJ denied the requested continuance, but granted Delgado–Salizar several additional days to file the required form. That same day, IJ denied Delgado–Salizar's adjustment of status request, but explicitly stated that he did not base his denial on Delgado–Salizar's failure to file the paperwork. Accordingly, Delgado–Salizar has failed to demonstrate that he was prejudiced by the IJ's decision. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

### II

Delgado–Salizar next contends that the IJ violated his Due Process rights by permitting the government to "cross examine" him before his own attorney conducted a direct examination. After the government completed its examination of Delgado–Salizar, his attorney conducted an examination. Thus, Delgado–Salizar had an adequate opportunity to present evidence on his behalf. His hearing was fundamentally fair and did not violate his Due Process rights. *See Kaur v. Ashcroft*, 388 F.3d 734, 736–37 (9th Cir.2004).

### III

Finally, Delgado–Salizar claims that the government violated his Due Process rights by failing to enter into evidence a "rap sheet" that it used during its examination of him. The BIA's decision that Delgado–Salizar was not entitled to a waiver of removability was not based on the contents of the rap sheet, but rather on his testimony during the government's examination. Thus, Delgado–Salizar was not deprived of the right to see any evidence

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

used against him, *see* 8 U.S.C. § 1229a(b)(4)(B), nor did the government's actions fail to follow fundamentally fair procedures, *see Kaur,* 388 F.3d at 737.

## IV

Accordingly, Delgado–Salizar's petition for review is

**DENIED.**